United States District Court
Southern District of Texas
**ENTERED**
September 17, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEVEN REYNALDO PEREZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-185 |
| | § | |
| UNITED STATES OF AMERICA, *et al*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Steven Reynaldo Perez is an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") and is currently incarcerated at the Connally Unit in Karnes County, Texas. Proceeding *pro se*, Petitioner filed this petition pursuant to 28 U.S.C. § 2241[1] on June 14, 2018.[2] (D.E. 1). Because it was unclear what relief Petitioner was seeking, the undersigned issued an Order on July 18, 2018, directing the Clerk of Court to provide Petitioner with the standard 28 U.S.C. §2241 *pro se* petition form and ordering Petitioner to complete and return the form on or before August 6, 2018. (D.E. 7). On July 27, 2018, Petitioner filed objections to the July 18, 2018 Order asserting he should not be required to use the § 2241 form because

---

[1] Petitioner's original filing was entitled "Petition For Writ of Habeas Corpus Based on The Original Writ as Issued by the Constitution And/Or 28 U.S.C. § 2241 And/Or 28 U.S.C. § 2255 And/Or Federal Rule of Civil Procedure 60(b)." (D.E. 1). In the title, "28 U.S.C. § 2241" was circled, and the pleading was therefore docketed as a petition for habeas corpus relief pursuant to § 2241. (D.E. 1).

[2] The petition was signed on June 14, 2018, and received by the Court on July 18, 2018. (D.E. 1); *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)( A *pro se* prisoner's "habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing.")

"Petitioner is challenging the validity of a federal judgment of conviction and sentence…Therefore, this form is not proper." (D.E. 9, Page 2). After his objections were overruled, on September 5, 2018, Petitioner filed an amended Petition using the standard § 2241 form, making his allegations clearer to the Court.[3] (D.E. 10 and D.E. 13). In this amended Petition, Petitioner states he is challenging the validity of his conviction and sentence received in Case No. 2:03-cr-278[4] presided over by Senior United States District Judge John Rainey.[5] (D.E. 13, Pages 2-4).[6] He further states, "The District Court has ordered me to file this 2241 petition instead of a 2255 motion, and overruled by objections. My first 2255 motion is pending in this case." (D.E. 13, Page 4). Additionally, in his requested relief, he seeks to vacate his conviction, sentence and indictment. (D.E. 13, Page 7).

---

[3]This amended petition was inadvertently docketed as a new case. (Case No. 2:18-cv-282). The case has now been closed and on 13, the amended petition was correctly filed in this case. (D.E. 13). Therefore, Petitioner is **INSTRUCTED** to continue using *only* Case No. 2:18-cv-185 when mailing documents to the Court.

[4]In 2003, Petitioner pleaded guilty to one count of knowingly and intentionally possessing with intent to distribute approximately 124.5 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and later sentenced to 27 months in the custody of the United States Bureau of Prisons to be followed by a three-year term of supervised release. (D.E. 15, Case No. 03-cr-278). After serving his time in custody, Petitioner was released on supervision. However, in 2008, he was found to have violated the terms of his supervised release after being convicted in Nueces County of murder, in addition to several other violations, and sentenced to 24 months in the custody of the United States Bureau of Prisons, to be served consecutive to any state sentences. (D.E. 25 and 36, Case No. 03-cr-278). Petitioner indicates he is challenging his original conviction and sentence. (D.E. 13, Pages 2 and 4).

[5]Senior United States District Judge Janis Graham Jack sentenced Petitioner in 2004 and again in 2008, however, in 2010, an Order of Recusal was issued and the case was reassigned to Judge Rainey for all further proceedings. (D.E. 69, Case No. 03-cr-278).

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *See Pack*, 218 F.3d at 451 (internal citations omitted); *Moorehead v. Chandler*, 540 Fed. App'x. 458, 458 (5th Cir. 2013); *United States v. Gabor*, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1998) (claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

In contrast, a § 2255 motion provides the primary means of collateral attack on a federal sentence. *Pack*, 218 F.3d at 451. Relief under § 2255 is warranted for errors cognizable on collateral review that occurred at or prior to sentencing. *Id*. A § 2255 motion must be filed in the sentencing court. *Id*.; *Eckles v. Chandler*, 574 Fed. App'x. 446, 446 (5th Cir. 2014). A §2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Pack*, 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000) (same).

Petitioner is challenging the validity of his conviction, not the interpretation or carrying out of his sentence by the Bureau of Prisons, and he states no sufficient grounds qualifying this action for relief pursuant to § 2255's savings clause. 28 U.S.C. § 2255. Further, Petitioner continuously asserts he is seeking § 2255 relief. (D.E. 9, Page 2 and D.E. 13, Page 3- 4). Therefore, the undersigned **RECOMMENDS** this petition be construed as a petition seeking relief pursuant to 28 U.S.C. § 2255 and, accordingly,

**REASSIGNED** to Senior United States District Judge John Rainey.[7] Alternatively, if construed as a petition pursuant to § 2241, the undersigned **RECOMMENDS** this case be **TRANSFERRED** to the Western District of Texas, San Antonio Division as it is well established that a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 must be filed in the district where the prisoner is incarcerated. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999) (citations omitted); *see also Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). Petitioner, currently and at the time of filing, is incarcerated at the Connally Unit in Karnes County, Texas, which is within the jurisdiction of the San Antonio Division of the Western District of Texas. 28 U.S.C. § 124(d)(4).

Respectfully submitted this 17th day of September, 2018.

_____
Jason B. Libby
United States Magistrate Judge

---

[7] In 2011, Judge Rainey dismissed Petitioner's 28 U.S.C. § 2255 Motion challenging his 2008 supervised released violation sentence, which was later affirmed by the United States Court of Appeals for the Fifth Circuit. (D.E. 75 and D.E. 87, Case No. 03-cr-278). Immediately before filing the instant action, Petitioner sought authorization from the Fifth Circuit to file a successive 28 U.S.C. § 2255 motion. (D.E. 1-1). To the extent Petitioner sought to challenge his original 2004 conviction, the Fifth Circuit denied the motion as unnecessary because he had "not previously challenged that judgment in a § 2255 proceeding." (D.E. 1-1, Page 1). To the extent Petitioner sought to challenge his 2008 revocation and judgment sentence, the Fifth Circuit denied the motion because he had not made the requisite showing required under § 2255. (D.E. 1-1, Pages 1-2).

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).