IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| STEVEN REYNALDO PEREZ, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL NO. 2:18-CV-185 |
| § | |
| UNITED STATES OF AMERICA, *et al*, § | |
| § | |
| Respondents. § | |

## ORDER

The Court is in receipt of the Magistrate Judge's Memorandum and Recommendation ("M&R"), Dkt. No. 14, and Petitioner's Objections to the M&R, Dkt. No. 16. For the reasons below, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the M&R.

### I. Background

Petitioner Steven Reynaldo Perez ("Perez") is an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") and is currently incarcerated at the Connally Unit in Karnes County, Texas. Because Petitioner has a history of filing petitions seeking habeas relief, a brief summary follows.

In 2003, Petitioner pleaded guilty to one count of knowingly and intentionally possessing with intent to distribute approximately 124.5 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). In 2004, Petitioner was sentenced by Senior United States District Judge Janis Graham Jack to 27 months in the custody of the United States Bureau of Prisons ("BOP") to be followed by a three-year term of supervised release. Case No. 2:03-cr-278, Dkt. Nos. 8, 15. After serving his time in custody, Petitioner was released on supervision.

In 2008, Petitioner was convicted in Nueces County of murder and sentenced to 60 years in prison and a $10,000 fine. *See* Case No. 2:10-cv-297, Dkt. No. 4-13 at

3. Petitioner was found to have violated the terms of his supervised release after his state murder conviction, in addition to several other term violations, and was sentenced by Judge Jack to 24 months in the custody of the BOP, to be served consecutive to any state sentences. Case No. 2:03-cr-278, Dkt. Nos. 25, 36. In 2010, an Order of Recusal was issued, and the criminal case was reassigned to Senior United States District Judge John Rainey. Case No. 2:03-cr-278, Dkt. No. 69.

Consequently, Petitioner has filed numerous cases challenging his convictions and sentences.[1] In 2011, Judge Rainey dismissed Petitioner's 28 U.S.C. § 2254 motion challenging his 2008 state murder conviction, which was later affirmed by the United States Court of Appeals for the Fifth Circuit. Case No. 2:10-cv-297, Dkt. Nos. 58, 77. Further, in 2011, Judge Rainey dismissed Petitioner's 28 U.S.C. § 2255 motion challenging his 2008 supervised-released violation and sentence, which was later affirmed by the Fifth Circuit. Case No. 2:03-cr-278, Dkt. Nos. 75, 87; *see also* Case No. 2:10-cv-107, Dkt. No. 8. Immediately before filing the instant action, Petitioner sought authorization from the Fifth Circuit to file a successive § 2255 motion. Dkt. No. 1-1. To the extent Petitioner sought to challenge his original 2004 conviction, the Fifth Circuit denied the motion as unnecessary because he had "not previously challenged that judgment in a § 2255 proceeding." *Id*. at 1. To the extent Petitioner sought to challenge his 2008 supervised-release violation and sentence, the Fifth Circuit denied the motion because he had not made the requisite showing required under § 2255. *Id*. at 1–2.

Proceeding *pro se*, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241 on June 14, 2018. Dkt. No. 1. Because it was unclear what relief Petitioner was seeking, the Magistrate Judge ordered Petitioner to complete and return the standard § 2241 *pro se* petition form by August 6, 2018. Dkt. No. 7. On July 27, 2018, Petitioner filed objections to the Magistrate Judge's Order, asserting that he should not be required to use the § 2241 form because "Petitioner is challenging the

---

[1] Petitioner has challenged three convictions and sentences: (1) 2004 conviction and sentence in the Southern District of Texas; (2) 2008 state murder conviction in Nueces County; and (3) 2008 supervised-release violation and sentence in the Southern District of Texas.

validity of a federal judgment of conviction and sentence. . . . Therefore, this form is not proper." Dkt. No. 9 at 2. After his objections were overruled, on September 5, 2018, Petitioner filed an amended petition using the standard § 2241 form, making his allegations clear to the Court. Dkt. Nos. 10, 13.

On September 17, 2018, the Magistrate Judge published the M&R, construing the amended petition as a § 2255 motion challenging his original 2004 conviction and sentence received in Case No. 2:03-cr-278. Dkt. No. 14. On September 27, 2018, the Petitioner filed his objections to the M&R.

On September 28, 2018, Petitioner filed a separate § 2255 motion challenging the same 2004 conviction and sentence. *See* Case No. 2:18-cv-320, Dkt. No. 1.

## II.  Legal Standard

The Court adopts the Magistrate Judge's description of applicable law:

> A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *See Pack v. Yusuff*, 218 F.3d 448, 451 (internal citations omitted); *Moorehead v. Chandler*, 540 Fed. App'x. 458, 458 (5th Cir. 2013); *United States v. Gabor*, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1998) (claims for sentence credit to federal sentences are properly brought pursuant to § 2241).
>
> In contrast, a § 2255 motion provides the primary means of collateral attack on a federal sentence. *Pack*, 218 F.3d at 451. Relief under § 2255 is warranted for errors cognizable on collateral review that occurred at or prior to sentencing. *Id*. A § 2255 motion must be filed in the sentencing court. *Id*.; *Eckles v. Chandler*, 574 Fed. App'x. 446, 446 (5th Cir. 2014). A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Pack*, 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000) (same).

Dkt. No. 14 at 3. "Nevertheless, a § 2241 petition attacking a federally imposed sentence may be considered *if* the petitioner establishes the remedy under § 2255 is inadequate or ineffective." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (alteration in original).

Further, 28 U.S.C. § 2254 provides authority for district courts to entertain habeas claims brought by persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). A federal court may only grant habeas relief regarding a claim adjudicated on the merits in state court proceedings if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . or . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2); *see Davila v. Davis*, 650 F. App'x 860, 865 (5th Cir. 2016).

**III.   Analysis**

The Magistrate Judge concluded that the Petitioner is seeking relief pursuant to 28 U.S.C. § 2255 and, accordingly, the petition should be reassigned to Judge Rainey. Dkt. No. 14 at 3–4. Alternatively, if the Court construes the case as a petition pursuant to 28 U.S.C. § 2241, the Magistrate Judge recommended that this case be transferred to the Western District of Texas, where the Petitioner is currently incarcerated. *Id*. at 4. Petitioner objects to the reassignment of the case to Judge Rainey and articulates two main grounds in his objections—judicial bias, and that 28 U.S.C. § 2241 is the proper avenue for his relief. Dkt. No. 16 at 13, 16.

**a. § 2255 Petition**

After reviewing the amended petition, the Court construes it as a § 2255 motion challenging Petitioner's original 2004 conviction and sentence. In it, Petitioner states that he is challenging the "Judgment of conviction for drug trafficking and 27-month sentence with three years supervised release, $200 fine, $100 special assessment." Dkt. No. 13 at 2. Because Petitioner expressly indicates that he is attacking his 2004 conviction and sentence in the Southern District of Texas, the Court concludes that Petitioner is seeking relief pursuant to § 2255.

The Court declines to construe the petition as a § 2241 motion because Petitioner makes no representation that he is attacking "the manner in which a sentence is carried out or the prisoner authorities' determination of its duration," *see Yusuff*, 218 F.3d at 451, or that the remedy under § 2255 is "inadequate or ineffective," *see Tolliver*, 211 F.3d at 877. *See* Dkt. No. 13. Further, the petition is not a § 2254 motion because it contains no mention of Petitioner's 2008 state conviction. *Id*.

### b. Judicial Bias

Petitioner alleges that this case should not be reassigned to Judge Rainey pursuant to 28 U.S.C. §§ 454 and 455 "for conflict of interest and biased judges." Dkt. No. 16 at 13. § 454 prohibits judges from engaging in the practice of law,[2] and § 455 governs the disqualification of a judge for various reasons, including, *inter alia*, where a judge's impartiality might reasonably be questioned.[3] A judge must be able to "make a decision . . . with the impartiality required of all who sit in judgment." *United States v. Pimpton*, 589 F. App'x 692, 697 (5th Cir. 2014) (quoting *United States v. Long*, 656 F.2d 1162, 1165 (5th Cir. 1981)). The Fifth Circuit has emphasized that the "origin of the judge's alleged bias is of critical importance," explaining that events occurring or opinions expressed in the course of judicial proceedings "rarely require recusal" and "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003).

In his objections, Petitioner makes generalized, unsupported statements concerning Judge Rainey's alleged bias. *See* Dkt. No. 16. Petitioner proffers no evidence of the judge's engagement in the practice of law. *See* 28 U.S.C. § 454. Further, aside from conclusory assertions that the judge is prejudiced, Petitioner fails to offer any facts suggesting that the judge's impartiality might reasonably be

---

[2] "Any justice or judge appointed under the authority of the United States who engages in the practice of law is guilty of a high misdemeanor." 28 U.S.C. § 454.
[3] "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

questioned or that the judge had an actual personal extrajudicial bias against him. *See United States v. Alexander*, 726 F. App'x 262, 263 (5th Cir. 2018). The fact that Judge Rainey's previous rulings in Case No. 2:03-cr-278 and Case No. 2:10-cv-297 were unfavorable against Petitioner does not alone support a claim of bias. *See id.* (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994) (adverse rulings alone do not support a claim of bias)).

Because a § 2255 petition challenging Petitioner's original 2004 conviction and sentence is already pending before Judge Rainey, the Court reassigns the above captioned case to Judge Rainey. *See* Case No. 2:18-cv-320.

### IV. Conclusion

Accordingly, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the M&R, Dkt. No. 14. The Court **CONSTRUES** the above captioned case as a petition seeking habeas relief pursuant to 28 U.S.C. § 2255, and therefore **REASSIGNS** the case to Senior United States District Judge John Rainey.

SIGNED this 13th day of May, 2019.

_____
Hilda Tagle
Senior United States District Judge